UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MILY BASCH,

                    Plaintiff,

      - against -

NEW YORK CITY HOUSING AUTHORITY,

                    Defendant.
-------------------------------------------------------------X

MEMORANDUM
AND ORDER
12-CV-4452 (JG)

JOHN GLEESON, United States District Judge:

        Plaintiff, Mily Basch, a homeless citizen, filed this action *pro se* on September 4, 2012, against the New York City Housing Authority,[1] seeking housing and one million dollars in damages. The court grants plaintiff's request to proceed *in forma pauperis* solely for the purpose of this order, but dismisses the action for lack of subject matter jurisdiction.

## STANDARD OF REVIEW

        Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action if the action, *inter alia*, "is frivolous or malicious" or "fails to state a claim on which relief may be granted." "An action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted). Because plaintiff is proceeding *pro se*, this court construes her pleadings liberally to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471,

---

[1] Basch named the defendant by only an acronym: "NYCHA." However, I hereby amend the case caption to name the defendant by its full name.

474 (2d Cir. 2006).

Furthermore, "[f]ederal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000); *see also Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). Federal jurisdiction is available only when a "[f]ederal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). "Where jurisdiction is lacking, . . . dismissal is mandatory." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994); *see also* Fed. R. Civ. P. 12(h)(3).

DISCUSSION

Plaintiff states that she is homeless. She alleges that in 2003 she "signed a contract with the Housing Authority . . . to get an apartment." Compl. at 2. She states that she received a letter to go to an interview on April 19, 2010, but that she never received housing. *Id.* at 1. She alleges that she is not safe in the city's shelters and has been raped twice in the street. *Id.* at 1-2. She seeks a house plus monetary damages. *Id.*

The court is not unsympathetic to the plight of a homeless person seeking housing. However, federal courts do not generally have subject-matter jurisdiction over housing

matters. *See Rosquist v. St. Marks Realty Assoc., LLC*, No. 08-CV-2764 (NGG), 2008 WL 2965435, at *2 (E.D.N.Y. Aug. 1, 2008) (citing cases); *see also Townsend v. NYCHA Law Dep't*, No. 12-CV-4401 (ARR), 2012 WL 3903468, at * 1 (E.D.N.Y. Sept. 6, 2012); *Oliver v. N.Y.C. Hous. Auth.*, No. 10-CV-3204 (ARR), 2011 WL839110, at *3 (E.D.N.Y. Mar. 2, 2011); *Southerland v. N.Y.C. Hous. Auth.*, No. 10-CV-5243 (SLT), 2011 WL 73387, at *2 (E.D.N.Y. Jan. 7, 2011). Even under a liberal reading of the complaint, there is nothing to suggest that defendant violated plaintiff's constitutional rights or discriminated against plaintiff in violation of any federal statute. The complaint against defendant must be dismissed because plaintiff fails to state a claim that would confer jurisdiction upon this court pursuant its federal question or diversity jurisdiction.

When dismissing a complaint, a court should afford the plaintiff an opportunity to amend her pleading "unless the court can rule out any possibility . . . that an amended complaint would succeed in stating a claim." *Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000) (internal quotation omitted). Basch's complaint fails to suggest the circumstances under which she was denied housing assistance from the defendant. I grant her leave to file an amended complaint in which she may allege how the defendant's denial of housing assistance violated federal law.

## CONCLUSION

Accordingly, the court dismisses the instant *pro se* complaint for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), and pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Basch may file an amended complaint within 30 days from the date of this order that sets forth a factual basis of this court's subject matter jurisdiction over the action. Plaintiff's amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. Plaintiff is advised that any amended complaint she files will completely replace the

original complaint. If plaintiff fails to comply with this order within the time allowed, the case will be dismissed pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B).[2] The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

                                          SO ORDERED.

                                          John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
       September 19, 2012

---

[2] Because plaintiff, who is homeless, has provided no contact information to the court, the court is unable to notify plaintiff of this order. If plaintiff returns to the courthouse and learns of this order after the time period in which she has been granted leave to amend has expired, the court will consider enlarging this time period upon application by the plaintiff.